NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-530

COMMONWEALTH

vs.

CHRISTOPHER HUNT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of assault and battery on a family or household member.[1] On appeal, the defendant argues that the judge erred in admitting subsequent bad act evidence. We affirm.

Background. On August 8, 2021, the defendant and his then girlfriend (the victim), were at the victim's parents' home. The defendant got drunk and tried to kiss the victim. The victim thought the defendant was being "gross and drunk," so she tried to get away from the defendant, but he grabbed her arm and pushed her over the edge of the couch. The victim pushed the defendant away and attempted to leave the room, but he grabbed

---

[1] The defendant was acquitted of kidnapping.

her again by the arms. She was able to pull away and ran up two flights of stairs and into her bedroom. Following the fight (August 8 incident), the defendant promised the victim that he would not drink anymore and would not behave that way again. The victim continued to date the defendant and did not report the August 8 incident to the police at that time.

The victim also testified that on October 9, 2021, as she and the defendant left a concert in Portland, Maine, the defendant got upset because he was told he could not drink any more alcohol at the venue (Portland incident). The victim went to the car, and the defendant followed and attacked her by punching her, pulling her hair, and biting her face. Following the incident, the victim was advised by the Portland police to speak to the Newbury police about obtaining a restraining order. When the victim went to the Newbury police, she informed them about the August 8 incident. The police took out charges for the August 8 incident after the victim's disclosure; the defendant appealed from his conviction on the charge of assault and battery on a family or household member.

Discussion. Before trial, both parties filed motions in limine regarding the admissibility of evidence of the Portland incident. The Commonwealth argued that the Portland incident showed the hostile nature of the relationship between the defendant and the victim and put in context for the jury why the

victim delayed reporting the August 8 incident.  The defendant argued that the Portland incident was more prejudicial than probative and should be excluded.  The judge allowed the Commonwealth to introduce the Portland incident but stated he was admitting it "in a very limited format . . . to introduce to the jury the fact that the August [8] incident," for which the defendant was on trial, "was not immediately reported."  At the time of the admission of the Portland incident, the judge provided the jury with limiting instructions, and he did so again in his final instructions.  The defendant did not object to those instructions as inadequate.

The defendant contends that the judge erred by admitting the Portland incident and failing to conduct the proper balancing test.  See Commonwealth v. Proia, 92 Mass. App. Ct. 824, 828 (2018).  Where the defendant objected to the admission of the bad acts evidence, we review for abuse of discretion. See Commonwealth v. McCowen, 458 Mass. 461, 478 (2010).

"[E]vidence of [subsequent] bad acts 'is not admissible to show a defendant's bad character or propensity to commit the charged crime.'"  Commonwealth v. Facella, 478 Mass. 393, 403 (2017), quoting Commonwealth v. Dwyer, 448 Mass. 122, 128 (2006).  "[S]uch evidence is admissible when offered for another purpose . . . , so long as its probative value for that purpose is not outweighed by its prejudicial effect."  Commonwealth v.

3

Welch, 487 Mass. 425, 442-443 (2021), quoting Commonwealth v. Hall, 485 Mass. 145, 163 (2020).  Accord Mass. G. Evid. § 404(b)(2) (2024).  "[A] defendant's [subsequent] bad acts of domestic violence may be admitted for the purpose of showing a 'defendant's motive and intent and to depict the existence of a hostile relationship between the defendant and the victim,'" (citation omitted), Commonwealth v. Oberle, 476 Mass. 539, 550 (2017), as well as "to describe the entire relationship between the defendant and the victim," Commonwealth v. Thomas, 448 Mass. 180, 188 (2007).  "These matters are 'entrusted to the trial judge's broad discretion and are not disturbed absent palpable error.'"  Commonwealth v. Childs, 94 Mass. App. Ct. 67, 71 (2018), quoting Commonwealth v. Keown, 478 Mass. 232, 242 (2017), cert. denied, 583 U.S. 1139 (2018).

Admitting the Portland incident was not error.  We conclude, contrary to the defendant's assertion, that the judge appropriately balanced the probative weight of the evidence with the risk of unfair prejudice.[2]  The evidence was admissible to show the hostile nature of the relationship and the defendant's

---

[2] The defendant's argument that the judge's use of the word "undue" rather than "unfair" was an "inaccurate expression of the law," is without legal support.  See Commonwealth v. Honsch, 493 Mass. 436, 447-448 (2024) (addressing whether defendant faced "undue prejudice" by admission of prior bad act evidence); Facella, 478 Mass. at 404 ("trial judge must exercise his or her discretion to determine whether the potential undue prejudice from the evidence outweighs its probative value").

pattern of behavior when drinking alcohol.  See, e.g.,
Commonwealth v. Centeno, 87 Mass. App. Ct. 564, 567 (2015).  The
victim's testimony of the incident also provided context for her
delayed disclosure.  See, e.g., Childs, 94 Mass. App. Ct. at 72.
Moreover, the Portland incident was not too remote in time.
"[T]here is no bright-line test for determining temporal
remoteness of evidence of [subsequent] misconduct."
Commonwealth v. Scullin, 44 Mass. App. Ct. 9, 15-16 (1997)
(where prior bad acts were two and one-half years before charged
assault, "this gap [was] not so great as to render the evidence
inadmissible" where instances of misconduct were similar).  Nor
was this an instance where the victim's testimony about bad acts
"overwhelmed" the case.  See Commonwealth v. Morris, 82 Mass.
App. Ct. 427, 442 (2012).  Contrast Dwyer, 448 Mass. at 128-129
(detailed testimony of seven uncharged incidents of sexual abuse
was overwhelmingly prejudicial).  The victim's testimony about
the Portland incident was very brief.

Furthermore, the judge's clear limiting instructions at the
admission of the evidence and during his final charge specified
the limited purpose for which the jury could consider the
evidence and mitigated any risk of unfair prejudice to the
defendant.  See Commonwealth v. Bryant, 482 Mass. 731, 737

(2019) (jury presumed to follow limiting instructions on other bad act evidence).

<u>Judgment affirmed</u>.

By the Court (Singh, Hand & D'Angelo, JJ.[3]),

Clerk

Entered:  September 16, 2024.

---

[3] The panelists are listed in order of seniority.